UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JOHN P. BAPTISTE | } | Case No. 1:19-cv-21589 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| STRALEY & OTTO, P.A. | } | |
| DEFENDANT | } | JURY TRIAL REQUESTED |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff JOHN P. BAPTISTE, through his attorney, brings this action to challenge the actions of Defendant STRALEY & OTTO, P.A. for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors.  To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§

559.55-559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."  *Id.* at § 559.552.

4.  Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5.  This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and Defendant's violations of the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

7.  Because all tortious conduct occurred while Plaintiff resided in the City of Miami Gardens, County of Miami-Dade, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8.  Plaintiff is a natural person.

9.  Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts.  Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5), and the FCCPA, Fla. Stat. § 559.55(6), because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Specifically, Plaintiff was allegedly obligated to pay money allegedly owed under a special assessment levied by his condominium association, "New World Condominium Apartments III Condominium Association, Inc." ("NWC")

11. Plaintiff is a "debtor" and "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) because he was allegedly obligated to pay a debt.

## FACTUAL ALLEGATIONS

12. Plaintiff owns a condominium unit with NWC.

13. On April 9, 2015, NWC mailed Plaintiff (and presumably all other unit owners) a letter stating that NWC would conduct a board meeting on April 24, 2015. In this letter, NWC indicated that there would be a "Special Assessment vote and approval by Board of Directors." No other information was given surrounding the possible levy of a special assessment.

14. On April 24, 2015, NWC's board did meet and did pass a special assessment. However, for many reasons, this special assessment is invalid.

15. First, section 13.4 of NWC's condominium by-laws states that "The specific purpose of any special assessment shall be set forth in a written notice of the special assessment sent to each Unit Owner." No such written notice giving the specific purpose was sent to any unit owner.

16. Second, section 2.2 of NWC's condominium by-laws states that "On issues affecting the Association as a whole, Voting Interests having fifty (50%) percent plus one of the total votes of the Association shall constitute a quorum." There was no quorum at this special assessment meeting affecting the Association as a whole.

17. Third, Fla. Stat. § 718.112(c)(1) states that "Notice of any meeting in which regular or special assessments against unit owners are to be considered must specifically state that assessments will be considered and provide the estimated cost and description of the purposes for such assessments." No such notice providing the estimated cost and description of the purposes for such assessment was sent to any unit owner.

18. Almost immediately after NWC passed this invalid special assessment, Plaintiff challenged its legitimacy with anyone who sought payment from him, including multiple times with NWC directly. Nevertheless, NWC, Defendant, and others continued to attempt to collect from Plaintiff amounts allegedly owed and which he does not owe via a myriad of debt collection methods, including dunning letters, threats of liens, threats of foreclosure, and ultimately a lawsuit seeking foreclosure.

19. On November 6, 2018, Defendant mailed Plaintiff a dunning letter seeking to collect on the special assessment debt allegedly owed by Plaintiff, as well as costs for "certified mail charges and postage" of $7.00 (certified mail does not cost $7.00) and $285 for in "attorney's fees" for the demand letter (this is almost certainly an inflated amount of attorney's fees).

20. On December 12, 2018, Plaintiff mailed Defendant a letter stating that he does not owe the money Defendant sought to collect on behalf of NWC, demanding that Defendant stop harassing him for money he does not owe, and requesting validation of the alleged debt via "all document[s] concerning this alleged special assessment."

21. On December 21, 2018, Defendant mailed Plaintiff a dunning letter seeking to collect on the special assessment debt allegedly owed by Plaintiff, as well as informing Plaintiff that a "claim of lien" was filed against his property.  The claim of lien filed additionally seeks repayment for alleged "certified mail" costs of $7.00 each and for an additional $415 in "attorney's fees" for the claim of lien (this is also almost certainly an inflated amount of attorney's fees).

22. On January 10, 2019, Defendant mailed Plaintiff a letter claiming to "provide payoff figures" sent "at your request."  Plaintiff never requested payoff figures.  Furthermore, this letter

contained additional debt collection language, making this letter not simply informational but a second instance of debt collection communication sent after the receipt of a demand to cease debt collection communication.

23. On February 19, 2019, Plaintiff's attorney mailed Defendant a letter of representation, additionally stating that Plaintiff's attorney believed Defendant violated the FDCPA and FCCPA for reasons substantially similar to the fact pattern described in the above paragraphs, and offered settlement of the FDCPA and FCCPA claims under certain terms.

24. On February 28, 2019, Defendant mailed Plaintiff's attorney a letter in which Defendant SO denied the allegations made by Plaintiff's attorney in the February 19, 2019 letter.

25. On March 20, 2019, Defendant filed a foreclosure lawsuit on behalf of NWC and against Plaintiff -- Case Number 19-008683 CA 08 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida – to foreclose upon the claim of lien, described in paragraph 21, above, due to Plaintiff's nonpayment of the alleged debt owed as a result of the invalid special assessment described in paragraphs 14-17, above, and which Plaintiff does not actually owe on account of the special assessment being invalid.  In addition, at no point in this foreclosure lawsuit does Defendant indicate that the communication is from a debt collector; with the exception of Defendant having attached as an exhibit the December 21, 2018 "claim of lien" letter described in paragraph 21, above, which did contain such language.

26. As of April 25, 2019, during Defendant's initial communication with Plaintiff, and in fact during every one of Defendant's communications with Plaintiff, Defendant failed to provide Plaintiff with the full set of the following five disclosures: information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector

will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. Specifically, Defendant provided Plaintiff with only some of the above five disclosures -- not all of them.

## FIRST CLAIM FOR RELIEF

**Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq.**

27. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-26, as if fully set forth herein.

28. By contacting Plaintiff for the purposes of collecting upon an alleged debt after receiving written notification that Plaintiff wished for Defendant to cease communication with Plaintiff, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. §1692c(c).

29. By communicating with Plaintiff for debt collection purposes and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(2)(A).

30. By communicating with Plaintiff for debt collection purposes and using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. §1692e(10).

31. By failing to disclose during a communication subsequent to the first that the communication is from a debt collector, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(11).

32. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

33. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff in connection with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

34. The FDCPA provides for actual damages and for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(1-2).

35. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

36. 15 U.S.C. § 1692k(a)(1-2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

37. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Defendant's violations of the FCCPA, Fla. Stat. § 559.55, et seq.**

38. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-26, as if fully set forth herein.

39. By communicating with Plaintiff for debt collection purposes and claiming, attempting, or threatening to enforce a debt when Defendant knows that the debt is not legitimate, Defendant SO has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

40. By filing a lawsuit on behalf of NWC against Plaintiff for debt collection purposes when Defendant knows that NWC has no entitlement to collect on any debt from Plaintiff, Defendant claimed, attempted, or threatened to enforce a debt when Defendant knows that the debt is not legitimate and has engaged in illegal practices in violation of the FCCPA, Fla. Stat. § 559.72(9).

41. The FCCPA provides for actual damages and statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

42. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

43. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

44. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages and $1,000.00 in statutory damages for Defendant SO's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

45. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) Punitive damages in the maximum amount the court deems proper and may provide;

(e) And any other relief as the court deems proper and may provide.

Plaintiffs requests a jury for all claims so triable.

Respectfully submitted this 25th day of April, 2019,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com